Mr. Chief Justice Sharkey
delivered the opinion of the court.
The bill was filed by Yallandingham and Lewis, to compel con *527 tribution under the following circumstances. A promissory note was executed by one Dulaney as principal, and H. C. Stewart and J. T. Knox as sureties. Suit was brought on the note, and judgment recovered against Dulaney, Stewart, and Knox’s legal representative, he having died in the mean time. Dulaney became insolvent, and execution was levied on the property of Stewart alone, who gave a forthcoming bond with complainants Yallandingham and Lewis as sureties, in which capacity they had the money to pay, Stewart having also become insolvent; and they now seek redress against Knox’s estate, on the ground that he was jointly bound-with Stewart for the original debt.
There was first an answer by the guardian ad litem, and then a demurrer. The court proceeded to decree on the merits of the bill and exhibits, and so we shall consider, noticing the state of pleadings.
We do not think the decree can be reasons. It was not a case in which the titled to contribution; they were but sun was no privity between them and Knox, has not claim for contribution. This is the' Tom v. Goodrich, 2 Johns. 214. One partner gavi partnership liability, and his sureties had the money to pay. Chancellor Kent held, that although the partner who gave the bond could have resorted to his co-partners for contribution, yet his sureties had not the same right, as they became bound for the obligor individually. Stewart, by giving the bond, and permitting it to be forfeited, satisfied the judgment, and discharged his codefendants. These complainants were only surety for Stewart in the means employed to discharge the debt. It is not unlike the case cited by counsel, from' 2 Dev. & Batt. Eq. Rep. 399. Their securityship is a separate and distinct transaction, and in such cases the right to contribution does not exist. Burge on Suretyship, 385. It is not a case in which the right of subrogation exists, because the original liability was extinguished; they could, at most, claim to be substituted to nothing else but the right of the plaintiff in the judgment on Stewart’s bond; whether they had such right need not now be decided, since that would not help them.
*528 This point disposes of the case, and we need not notice others.
Decree reversed and bill dismissed.